**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LESTER DOBBEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-9223 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| IMHOTEP CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LESTER DOBBEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-5037 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| IMHOTEP CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court enters this order on the dockets of the above-captioned, closely related cases. For the reasons stated below, the Court—in an abundance of caution—enters a Rule 54(b) judgment in Case No. 12-cv-9223 ("the 9223 action") as to Plaintiff's claims against Defendant Imhotep Carter, finding that (i) the claims against Defendant Carter are separate and distinct from the claims against Defendant Trevino and (ii) there is no just reason for delay of an appeal of the judgment in favor of Defendant Carter and against Plaintiff. In addition, the Court agrees with the joint assessment of counsel for Plaintiff and for Defendant Carter that principles of *res judicata* require the entry of judgment in favor of Carter and against Plaintiff in Case No. 13-cv-5037 ("the 5037 action"). Accordingly, the Court directs the Clerk to enter a Rule 58 judgment in favor of Defendant and against Plaintiff in the 5037 action.

## STATEMENT

This order relates to two of the many cases—11 in total—that Plaintiff has maintained over the past decade or so against officials and employees at the Stateville Correctional Center ("Stateville").

In the 9223 action, Plaintiff brought claims against two medical professionals at Stateville—Defendants Imhotep Carter, a doctor, and Delores Trevino, a nurse—arising out of their treatment (or lack thereof) of a claimed knee condition. On September 28, 2015, the Court entered a memorandum opinion and order [146] granting summary judgment in favor of Dr. Carter, but denying summary judgment as to Nurse Trevino. Following the Court's summary judgment rulings, Magistrate Judge Rowland held a number of settlement conferences that ultimately resulted in a global settlement of Plaintiff's claims in several cases, including Plaintiff's claims against Trevino in this action.[1] On January 17, 2017, the parties submitted a joint stipulation of dismissal [189] of those claims. However, because of the chronic delays in payments coming from the Illinois Comptroller during and after the State's well-chronicled budget crisis, the stipulation dismissed Plaintiff's claims against Trevino without prejudice and with leave to reinstate by October 27, 2017. Because the payment to Plaintiff still had not been paid as of that date, the Court has twice extended the deadline for reinstatement, which is now December 22, 2017.[2] In addition, during the time that Plaintiff has been waiting for the settlement payment from the Trevino portion of the lawsuit to be made, the Court has entered a memorandum opinion and order [192] denying Plaintiff's motion for reconsideration of the summary judgment ruling in favor of Carter and entered judgment [193] and Plaintiff has filed a notice of appeal [194].

In the 5037 action, Plaintiff also sued Defendant Carter. During the course of that litigation, counsel filed a joint status report [64] in July 2015 calling to the Court's attention the substantial overlap between the claims in the 5037 action and the claims asserted against Dr. Carter in the 9223 action. On account of that overlap, counsel jointly requested a stay of the 5037 action pending the disposition of the claims against Carter in the 9223 action. The Court granted the parties' request [see 65] and continued the stay in place during the global settlement discussions and the pendency of the motion for reconsideration in the 9223 action [see 72]. Following the denial of reconsideration and the entry of judgment in the 9223 action, the Court issued an order [75] requesting the parties' views on whether the final ruling in the 9223 action has *res judicata* effect in the 5037 action.

The parties filed a joint status report in the 5037 action [78] confirming their prior assessment that all three elements of *res judicata*—(1) identity of parties; (2) a final judgment on the merits; and (3) identity of the cause of action based on a comparison of the operative facts in the two suits—are present. See *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011); *Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223, 226 (7th Cir. 1993) ("two claims are one for

---

[1] The parties were not able to settle Plaintiff's claims against Carter.

[2] At today's status hearing, Plaintiff's counsel advised that, based on recent information from the Comptroller's Office, the payment is in the "next batch" of checks that will be processed. Based on that information, the Court extended the deadline for reinstatement another month, with the hope (and expectation) that the payment will have been made before the new deadline. Had the payment been made by today, any question as to the finality of the prior judgment order in the 9223 action would have been rendered moot. However, given this additional delay, the Court did not feel that it could further delay issuing this order, which is intended to clarify that the Court has disposed of all of the claims between Plaintiff and Defendant Carter in both the 9223 action and the 5037 action and that both actions are final and appealable as to those parties.

purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations"). In regard to factors (1) and (3), the analysis is straightforward and simply stated. As the parties have noted, the claims asserted by Plaintiff against Defendant Carter in both actions "arise out of a series of transactions occurring on August 12, 2011, August 25, 2011, October 7, 2011, October 27, 2011, and March 20, 2012" relating to "Carter's failure to administer constitutionally adequate medical care to Plaintiff" on those dates. [See 78, at 3.] The analysis as to factor [2] is more complicated and set out in detail below. However, in the final assessment, the Court agrees with the parties that the judgment against Dr. Carter in the 9223 action is a final judgment on the merits.

There was nothing novel about the dispositions of the separate claims against Dr. Carter and Nurse Trevino. The Court granted summary judgment for Carter and denied summary judgment as to Trevino. Following that ruling, Plaintiff reached a settlement with Trevino, which led to the filing by Plaintiff's counsel of a stipulation of dismissal of the claims against Trevino and the entry by the Court of an order dismissing the claims against Trevino without prejudice, which would convert to a dismissal with prejudice once the State of Illinois paid the full settlement amount. On June 14, 2017, the Court denied Plaintiff's motion for reconsideration of the summary judgment ruling in favor of Carter, which in normal circumstances would have resulted in the entry of a conventional Rule 58 judgment winding up all claims as to all parties in the district court and leaving Plaintiff free to pursue an immediate appeal as to the claims against Carter. However, the concept of "normal circumstances" has been absent in relation to settlements involving the State of Illinois over the past few years, as the budget stalemate has rendered the State incapable of paying its bills—including its litigation settlements—in anything remotely resembling a timely fashion. See, *e.g.*, *Rasche v. Lane*, 150 F. Supp. 3d 934, 937 (N.D. Ill. 2015) (discussing delays in payments to state lottery winners). In this particular instance, eleven months had passed between the report on July 21, 2016 that the settlement was reached [see 169] and the disposition of the motion for reconsideration on June 14, 2017 [see 192], yet the settlement payment had not been made.

When the Court entered its judgment order in the 9223 action, it did not consider the fact that Plaintiff's claims against Trevino, although settled, technically still could be reinstated if the outstanding payment is not made, and thus did not reference Federal Rule of Civil Procedure 54(b). Upon consideration of the parties' *res judicata* analysis in the 5037 action, the Court recognized for the first time that a Rule 54(b) judgment may be necessary to confirm the finality in the district court of the claims as to Carter, even if the claims as to Trevino remain subject to the possibility of future reinstatement.

As the parties in the 5037 action have noted, Rule 54(b) "permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." The rule further provides that a partial final judgment is appropriate only "when the subjects of the partial judgment do not overlap with those remaining in the district court." Claims do not overlap when they are "truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Lottie v. West Am. Ins. Co.*, 408 F.3d 935, 939 (7th Cir. 2005). Here, although both Defendants in the 9223 action were at all relevant times medical providers at Stateville who interacted with Plaintiff following his complaints of knee pain, they performed

distinct roles and saw Plaintiff on different dates and in different settings.  In addition, Plaintiff's allegations as to the two Defendants differ materially:  "his claim against Dr. Carter involves delayed care and his claim against Nurse Trevino involves the failure to provide any care."  [78, at 5.]  Finally, because Carter is a doctor and Trevino a nurse, they had very different competencies and responsibilities in regard to treatment, and thus the evidence that Plaintiff would use to prove his claims would differ as to each Defendant.  For all of these reasons, the Court concurs in the parties' assessment that the claims against each Defendant in the 9223 action were distinct for Rule 54(b) purposes.  The Court also finds that (1) the claims against Defendant Carter in the 9223 action have been fully resolved and (2) there is no just reason for delay of the appeal of those claims.

With the entry of a Rule 54(b) judgment in the 9223 action, factor (2) in the *res judicata* analysis in the 5037 action is now satisfied.  Accordingly, the Court will grant summary judgment in favor of Dr. Carter and against Plaintiff and enter a Rule 58 final judgment in the 5037 action.

Dated: November 21, 2017

_____
Robert M. Dow, Jr.
United States District Judge