IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LESTER DOBBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-5037 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| IMHOTEP CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons set forth below, Defendant's motion for reconsideration [87] is granted. The judgment entered on November 21, 2017 [82] is vacated and this case is reopened. This order is without prejudice to Defendant filing a motion for summary judgment on *res judicata* grounds if he believes such a motion is appropriate after review of Plaintiff's supplemental brief [102] and this order. This case is set for further status hearing on October 19, 2018 at 9:00 a.m. Counsel for Defendant is requested to make arrangements for Plaintiff to participate by telephone. As a housekeeping matter, the Clerk is directed to terminated docket entry 102 as a pending motion, as it is simply a supplemental memorandum in support of Plaintiff's motion for reconsideration.

**STATEMENT**

Before the Court is Plaintiff's motion for reconsideration [87] and supplemental brief in support [102]. The sole remaining Defendant in this case, Dr. Carter, has not responded to the motion or the supplemental brief despite the Court's invitation to do so [see 101 (setting briefing schedule)]. As explained below, although many of the arguments advanced by Plaintiff are not well-taken, one of his arguments—that counsel may have overlooked some important factual differences between this case and the case which the Court determined to have preclusive effect—presents an appropriate basis for the Court to reconsider its prior judgment.

By way of background, on November 21, 2017, this Court entered judgment against Plaintiff and in favor of Defendant Carter on the ground that the claims raised by Plaintiff were so closely related to claims disposed of in another matter, Case No. 12-cv-9223, that the disposition in the prior case barred the claims in this case under the doctrine of *res judicata*.[1] At the suggestion of counsel for both sides, this case had been stayed pending the disposition of the earlier-filed case. After the disposition of the earlier case, counsel filed a status report [78] addressing the *res judicata* factors and the Court issued an opinion [81] explaining its reasoning in agreeing that the earlier case had preclusive effect.

---

[1] The Seventh Circuit has affirmed the judgment in Case No. 12-cv-9223. See *Dobbey v. Carter*, 734 Fed. App'x 362 (7th Cir. Aug. 16, 2018).

Plaintiff filed a timely motion for reconsideration [87] on December 11, 2017. Shortly after the Court entered judgment, recruited counsel had sent a letter to Plaintiff indicating that he no longer could continue with the case because of ill health. [See 87, at 8.] The Court later learned that counsel passed away on December 13, 2017. [See 101, at 2.] Although Plaintiff has not been able to obtain his case file, the Court has permitted Plaintiff an opportunity to review the record—which contains all of the material necessary to understand the Court's rulings in this case—offered to assist Plaintiff obtain any materials he had difficulty accessing from the docket, and afforded Plaintiff ample time to file a supplemental memorandum in support of his motion. [*Id*.]

In his supplemental memorandum, Plaintiff first contends that the Court should have granted his first motion for substitution of counsel and claims to have been misled by a prior order [70] denying that motion. The Court addressed in that order the reasons why it denied the request for substitute counsel. Plaintiff claims that the Court's reference to a counsel having filed "joint status report setting a discovery schedule for the case" amounted to a "false representation" that "put Plaintiff in a mind-frame that his case was moving forward with discovery, so Plaintiff could rest at ease because appointed counsel Mr. Adams was not jeopardizing Plaintiff's case." Plaintiff overlooks that *in the very same order* the Court expressly stated that six weeks earlier it had issued an order staying the case pending the disposition of another of Plaintiff's pending cases, No. 12-cv-9223. Plaintiff's current position is further belied by his later filing of a motion to lift the stay [73], in which he referenced the amount of discovery that still needed to be done in this case—thereby demonstrating that he understood that discovery had not moved forward during the stay. In short, neither the Court's rejection of Plaintiff's request for substitute counsel nor the Court's explanation of counsel's activities and its own stay ruling provide any basis for reconsideration.

Plaintiff next argues that had recruited counsel consulted Plaintiff about his plan to agree to a stay, Plaintiff would have directed counsel to file a motion to consolidate the two cases.[2] Plaintiff could have made such a proposal, but the Court was under no obligation to accept it. District judges have considerable discretion in deciding whether to grant motions to consolidate. See *Star Ins. Co. v. Risk Marketing Group. Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). It is impossible to know for sure how the Court would have ruled had a timely motion to consolidate been filed, but a client's second-guessing of counsel's decision to request a stay rather than consolidation is not a basis for reconsidering a judgment.

Plaintiff also complains about the paucity of communications from recruited counsel in regard to the prosecution of this case. With the benefit of hindsight and a full record of Plaintiff's recounting of those communications, the Court can see that counsel did not frequently interact with his client. But once the decision to stay the case was made, there was very little to report—other than when a decision was reached in the earlier case and any progress in the global settlement discussions before Magistrate Judge Rowland. Furthermore, the fact of the stay was communicated in the Court's September 2015 order, which Plaintiff acknowledges receiving (because it purportedly put him "at ease"). Nothing in regard to counsel's communications (or lack thereof) provide any basis for reconsideration.

---

[2] Although Plaintiff refers to his proposal as a "motion to enjoin" the two cases, it is clear that he means that he would have sought to consolidate the two cases.

There is, however, one argument that persuades the Court to reopen this litigation. In paragraphs 44 through 48, Plaintiff suggests a factual basis from which an argument might be made that the operative facts in this case and the prior related case were not the same. If that argument were persuasive, then Defendant would not be entitled to a judgment on the basis of *res judicata*, as the third element would not be satisfied. *Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223, 226 (7th Cir. 1993) ("two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations"). In the interest of ensuring an accurate result in this case, the Court will grant reconsideration and vacate the judgment. If—after review of Plaintiff's arguments and the entirety of the record in this case—Defendant believes that *res judicata* still applies, he may file a motion for summary judgment on that basis. On the other hand, if the parties agree (or the Court determines) that *res judicata* does not apply, the case will proceed with discovery.

Finally, in regard to the question of attorney representation going forward, Plaintiff's motion demonstrates that he is more than capable of proceeding in this—and almost any other litigation—without the assistance of counsel.

Date: September 25, 2018

_____
Robert M. Dow, Jr.
United States District Judge