IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

#R-16237

LESTER DOBBEY,

Plaintiff,

v.     CASE NO. 13-CV-5037

IMHOTEP CARTER,    Honorable Magistrate Judge,

Defendant.    MARY ROWLAND

FILED 5/7/2019 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT YT

SCANNED AT STATEVILLE CC and E-mailed 5-7-19 by AK 8 pages

PLAINTIFF'S SECOND MOTION TO ENFORCE SUBPOENA AGAINST NON-PARTY STATEVILLE C.C.

Plaintiff, LESTER DOBBEY, pro se, pursuant to Federal Rules of Civil Procedure 45, moves this Honorable Court to enforce subpoena against (non-party) Stateville Correctional Center.

IN Support Thereof:

1. On March 20, 2019, Plaintiff issued a subpoena and served Stateville Correctional

Center, Legal Services Department. The Subpoena commanded Stateville to produce: "Any and All, Daily Attendance Records, Roll call/Sign-In Sheets, Notifications of Absence and Call-In Reports, For Former Medical Director, Dr. Imhotep Carter, From July 2011 through May 2012." (Exhibit-1).

2. The Subpoena commanded production of the Responsive Records by April 8, 2019; by 1:00 p.m., (Exhibit-1).

3. Plaintiff avers that he also sent a copy of said Subpoena to the Illinois Attorney General Office. (Exhibit-2).

4. However, as of May 7, 2019, Plaintiff avers that he has not received any form of response from Stateville C.C., nor their Attorney the Illinois Attorney General. (Ex. 2).

5. Plaintiff asks this Honorable Court to enforce said Subpoena, and compel the

(NON-PARTY) Stateville Correctional Center, to respond to the Subpoena attached herein as Exhibit-1.

## CONCLUSION

WHEREFORE, the Plaintiff, LESTER DOBBEY, pro se, respectfully asks this Honorable Court to grant this Motion and compel Stateville C.C. to respond to Subpoena.

Respectfully,

/s/ [signature]

LESTER DOBBEY, #R-16237
Stateville C.C.
P.O. Box 112
Joliet, IL 60434
(Pro Se- Plaintiff)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF ILLINOIS

LESTER DOBBEY
*Plaintiff*

v.

IMHOTEP CARTER
*Defendant*

Civil Action No. 13-CV-5037

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stateville Correctional Center, Legal Services Department, P.O. Box 112, Joliet, IL 60434

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and All, Daily Attendance Records, Roll Call / Sign-In Sheets, Notifications of Absence and Call-In Reports, for Former Medical Director, Dr. Imhotep Carter, from July 2011 thru May 2012.

| Place: Lester Dobbey #R-16237, P.O. Box 112, Joliet, IL 60434 | Date and Time: April 8, 2019 By: 1:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: FEB - 8 2019

CLERK OF COURT

*Erin Casul*

*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* (Plaintiff) Lester Dobbey #R-16237, P.O. Box 112, Joliet, IL 60434, who issues or requests this subpoena, are:

(Lester Dobbey)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-CV-5037

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows: Stateville Correctional Center, Legal Services Dept., by Institutional Mail System _____ on *(date)* 3·20·2019 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 3·20·2019

*Server's signature*

LESTER DOBBEY (Plaintiff)
*Printed name and title*

#R-16237, P.O. Box 112, Joliet, IL 60434
*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:13-cv-05037 Document #: 129 Filed: 05/07/19 Page 6 of 8 PageID #:878

Exhibit-1, pg.3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit-2

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF Will       )

## AFFIDAVIT

I, LESTER DOBBEY being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

1. I am the Plaintiff named in the case of: Lester Dobbey v. Imhotep Carter, No. 13-CV-5037 (U.S. Dist. Ct. N. Ill.).

2. On March 20, 2019, I issued a subpoena to Stateville Correctional Center, Legal Services Department, which commanded it to produce: "Any and All, Daily Attendance Records, Roll Call/Sign-In Sheets, Notifications of Absence and Call-In Reports, for Former Medical Director, Dr. Imhotep Carter, from July 2011 through May 2012. The Subpoena commanded compliance by April 8, 2019, by 1:00 p.m.

3. As of May 7, 2019, I have never received a response to said subpoena from Stateville C.C.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: MAY 7, 2019

/s/
NAME: LESTER DOBBEY
IDOC#: R-16237
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434, IL

IN THE
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

LESTER DOBBEY
Plaintiff/Petitioner )
)
)
Vs. ) No. 13-CV-5037
)
IMHOTEP CARTER )
Defendant/Respondent )

PROOF/CERTIFICATE OF SERVICE

TO: U.S. District Court
ATTN: Prison Correspond
219 South Dearborn
Chicago, IL 60604

TO: Illinois Attorney General
Atty: Benjamin Lockyer
100 West Randolph St., 13th Floor
Chicago, IL 60601

TO: Cassiday Schade, LLP, Atty: James Maruna, 222 West Adams St., Suite 2900, Chicago, IL 60606

PLEASE TAKE NOTICE that on MAY 7th, 2019, I placed the attached or enclosed documents in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the ▇▇▇▇▇▇▇ U.S. District Court E-Filing System: Plaintiff's Second Motion to Enforce Subpoena Against Non-Party Stateville C.C.

DATED: 5-7-2019

/s/ [signature]
Name: LESTER DOBBEY
IDOC#: R-16237
Address: Stateville C.C.
P.O. Box 112
Joliet, IL 60434

Subscribed and sworn to before me this _____ day of _____ , 20 _____.

_____
Notary Public